JOHN L. BURRIS, ESQ., SBN 69888
K. CHIKE ODIWE, ESQ., SBN 315109
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com
chike.odiwe@johnburrislaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BICKHAM, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH a municipal corporation; TAMMANY BROOKS, individually and in his capacity as Chief of Police for the CITY OF ANTIOCH; JOHN RAMIREZ, individually and in his official capacity as a Police Officer for the CITY OF ANTIOCH; BRANDON BUSHY, individually and in his official capacity as a Police Officer for the CITY OF ANTIOCH; NATHANAEL NOVELLO, individually and in his official capacity as a Police Office for the CITY OF ANTIOCH; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR DAMAGES -<br><br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

On April 8, 2020, Joshua Bickham was smoking a cigarette on a public sidewalk when two Antioch Police Department officers drove from opposite directions, got out of their vehicles, and advanced on him. Mr. Bickham, who had been standing in the same place without incident for the past ten minutes, did not know why the officers were approaching him. One officer went behind Mr. Bickham, then immediately placed his hands on him. After initially complying with the officers, Mr. Bickham shook off their hands, slowly stepped back, and put his hands up. He asked the officers why they were stopping him. Mr. Bickham has a history of schizoaffective disorders and was in the midst of a schizophrenic episode as he tried to determine what the officers were doing.

Antioch Police Officer Nathanael Novello responded by drawing his service weapon and pointing it at Mr. Bickham. Officer Brandon Bushby drew his less-lethal weapon that fires rubber bullets and pointed it at Mr. Bickham, who had his hands up and continued to ask why the officers had stopped him. Defendant Officer Bushby then fired two rubber bullets at Mr. Bickham, hitting him in the inner thigh. As this was happening, fellow Antioch Police Officer John Ramirez arrived to the scene with a K-9 unit. He got out of his vehicle, removed the K-9 unit, and approached Mr. Bickham. Defendant Officer Ramirez instructed Mr. Bickham to get on the ground or else he would unleash the K-9 unit on him.

Mr. Bickham complied, lowering himself to the ground. Cruelly, Defendant Ramirez still unleashed the K-9 on Mr. Bickham, despite his compliance, allowing the dog to repeatedly bite Mr. Bickham's arm for 30-45 seconds while Defendant Officers Bushby and Novello were on top of him. These uses of excessive force, first with the rubber bullets and then with the K-9 unit, were clearly unjustified in the moment. The excessiveness is only further cemented by the fact that all criminal charges against Mr. Bickham stemming from the incident have been

dropped, suggesting that the only illegal conduct that took place on April 8, 2020, was committed by the Defendant Officers.

## JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343..  The unlawful acts and practices alleged herein occurred in Antioch, California, which is within this judicial district.

## PARTIES

2.      Plaintiff JOSHUA BICKHAM (hereinafter "Plaintiff") has been and is a resident in the State of California and is a citizen of the United States of America.

3.      Plaintiff also brings these claims as Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance. Defendant CITY OF ANTIOCH (hereinafter "ANTIOCH") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the Antioch Police Department, and any involved yet-to-be identified police officers.

4.      At all times mentioned herein, Defendant TAMMANY BROOKS (hereinafter "BROOKS") was employed by Defendant ANTIOCH as Chief of Police for the Antioch Police Department. Plaintiff contends that Defendant BROOKS was personally on notice of the unconstitutional deficiencies in Defendant ANTIOCH'S policies, practices, and training regarding the use of force, police response to mentally impaired subjects, police response to subjects in mental health crisis, and the reasonable continuing use of available less-lethal alternative that would render lethal force unreasonable, but with deliberate indifference failed to correct said Unconstitutional deficiencies.

5.      At all times mentioned herein, Defendant JOHN RAMIREZ (hereinafter "RAMIREZ") was employed by Defendant ANTIOCH as a police officer. He is being sued individually and in his official capacity as a police officer for the Antioch Police Department. Plaintiff contends Defendant BUSHBY unleashed a K-9 unit on Plaintiff while he was complying with officers' commands to get on the ground, injuring him, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff's rights, was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff, and was negligent.

6.      At all times mentioned herein, Defendant BRANDON BUSHY (hereinafter "BUSHBY") was employed by Defendant ANTIOCH as a police officer. He is being sued individually and in his official capacity as a police officer for the Antioch Police Department. Plaintiff contends Defendant BUSHBY initiated the contact with Plaintiff and fired two rubber bullets at Plaintiff's groin area, injuring him, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff's rights, was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff, and was negligent.

7.      At all times mentioned herein, Defendant NATHANAEL NOVELLO (hereinafter "NOVELLO") was employed by Defendant ANTIOCH as a police officer. He is being sued individually and in his official capacity as a police officer for the Antioch Police Department. Plaintiff contends Defendant NOVELLO, who was present at the scene of the subject-incident and held Plaintiff at gun point, was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff, and was negligent.

8.      Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained.

9.      Plaintiff alleges Defendants DOES 1 through 25 are ANTIOCH police officers and violated Decedent's civil rights, wrongfully injured him, arrested him without probable cause, and/or encouraged, directed, enable and/or ordered other defendants to engage is such conduct. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

10.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50 inclusive, and therefore sue these Defendants by such fictious names.  Plaintiff is informed and believe and thereon allege that each Defendant so named was employed by Defendant ANTIOCH at the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision, and/or conduct of the Defendant Officers and/or agents involved in the conduct herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

11.      In engaging in the conduct described herein, Defendants and each of them acted within the course and scope of their employment for ANTIOCH.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant ANTIOCH.

## STATEMENT OF FACTS

12.     On April 8, 2020, at approximately 7:30 AM, Plaintiff JOSHUA BICKHAM was waiting in line to enter the Costco Warehouse located at 2201 Verne Roberts Circle in Antioch, California.

13.     Mr. BICKHAM saw who he later learned to be Defendant BUSHBY sitting in a police vehicle nearby, apparently monitoring the vehicle.

14.     Speaking to Defendant BUSHBY, Mr. BICKHAM made a joke about the length of the line, saying something to the effect of the officer needing his service weapon in order to get through the line. Mr. BICKHAM continued to wait in line for several more minutes without saying anything further to Defendant BUSHBY.

15.     Tired of waiting in line, Mr. BICKHAM then got out of the line and walked to a nearby storefront, where he stopped on the public sidewalk in order to smoke a cigarette.

16.     Defendants BUSHBY and NOVELLO drove to Mr. BICKHAM's location in separate police vehicles. They approached Mr. BICKHAM from both sides.

17.     For reasons unknown to Mr. BICKHAM, Defendants BUSHBY and NOVELLO attempted to grab Mr. BICKHAM. He shook off their hands but did not act violently, instead slowly stepping away from the officers and asking why they were stopping him.

18.     Defendant BUSHBY then drew his less-lethal firearm and while Defendant NOVELLO drew his service weapon. Both Defendant Officers pointed their weapons at Mr. BICKHAM. Mr. BICKHAM put his hands up, signaling he was unarmed and did not want to fight.

19.     At this point, Defendant BUSHBY fired two less-lethal rubber bullets Mr. BICKHAM, striking him in his inner-thigh/groin area. At approximately the same time, Defendant RAMIREZ arrived to the scene in his police vehicle, exiting the car with a K-9 unit.

20. Defendant RAMIREZ told Mr. BICKHAM that he would unleash the K-9 unit on Mr. BICKHAM if he did not get on the ground. Mr. BICKHAM complied, lowering himself to the ground.

21. For unknown reasons, Defendant RAMIREZ still unleashed the K-9 unit despite Mr. BICKHAM's compliance. Defendants RAMIREZ, BUSHBY, and NOVELLO let the K9 unit repeatedly bite Mr. BICKHAM's right arm for 30-45 seconds while Defendants BUSHBY and NOVELLO got on top of Mr. Bickham as he laid on the ground.

22. Mr. BICKHAM was then transported to the Sutter Delta Medical Center, where he received treatment for the injuries resulting from the dog bites and rubber bullets.

23. Mr. BICKHAM was subsequently taken to the Contra Costa County Jail – Martinez Detention Facility. He was charged with PC 422(a), Criminal Threats, and PC 69, Resisting Executive Officer. All criminal charges against Mr. BICKHAM stemming from this incident have since been dropped.

24. When Paige Carnahan, a deputy district attorney of the Contra Costa County District Attorney's Office, sent Defendant BUSHBY a message to ask if he was in sustained fear from the alleged threatening statements made by Mr. BICKHAM, Defendant BUSHBY responded that he was "super scared", followed by a GIF image of Macaulay Culkin gasping.

25. Mr. BICKHAM has a history of schizophrenia and was experiencing a schizophrenic episode during this incident. He takes medication for his condition and had taken his medication on the day of the incident.

## **DAMAGES**

26. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendment, Plaintiff was physically,

mentally, and emotionally injured and damaged as a proximate result of Defendants' wrongful conduct.

27.     The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said individual Defendants under 42 U.S.C. §§ 1983 and 1988.

28.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code §1988.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendant RAMIREZ, BUSHBY, and NOVELLO and DOES 1-25)**

29.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through (#) of this Complaint.

30.     The above-described conduct of Defendants RAMIREZ, BUSHBY, AND NOVELLO and DOES 1-25 violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. §1 983)**
**(Plaintiff against Defendant RAMIREZ, BUSHBY, and NOVELLO and DOES 1-25)**

31.     Plaintiff hereby re-alleges and incorporates by reference herein paragraph 1 through 30 of this Complaint.

32.     42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

33.     Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

34.     Defendants' action as described herein resulted in the deprivation of these constitutional rights.

35.     Defendants, acting in the performance of their official duties, used excessive force against Plaintiff multiple times during the incident.

36.     Plaintiff posed no threat to the Defendant Officers when Defendant BUSHBY shot Plaintiff twice in the groin area with rubber bullets.

37.     Plaintiff did not pose a threat to Defendant Officers when Defendant RAMIREZ unleashed the K-9 unit on Plaintiff and allowed it to continue biting his arm.

38.     There was no need for Defendant BUSHBY to fire rubber bullets at Plaintiff because he was only questioning why Defendants BUSHBY and NOVELLO had stopped him and was not acting aggressively.

39.     The use of force in shooting Plaintiff twice in the groin area with rubber bullets was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

40.     There was no need for Defendant RAMIREZ to unleash the K-9 unit on Plaintiff because Plaintiff had already been subdued by Defendant BUSHBY's use of rubber bullets and was complying with Defendant Officers' commands to get on the ground when Defendant RAMIREZ unleashed the K-9 unit.

41.     The use of force in unleashing the K-9 unit on Plaintiff while he complied with Defendant Officers' commands was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

42.     In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by ANTIOCH and the Antioch Police Department, as elaborated upon in paragraphs (**need #).**

43.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

44.     The conduct alleged herein caused Plaintiff to be deprived of her civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, fear, trauma, and humiliation, and further damages according to proof at time of trial.

45.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**THIRD CAUSE OF ACTION**
**(Violation of the First Amendment of the United States Constitution-Questioning Police Action)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendant RAMIREZ, BUSHBY, and NOVELLO and DOES 1-25)**


46.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47.     At all times herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

48.     Upon information and belief, Defendants chose to use excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to question police action, liberty, and free movement.

49.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

50.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotion injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

**FOURTH CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution-Malicious**
**Prosecution)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendant RAMIREZ, BUSHBY, and NOVELLO and DOES 1-25)**

51.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint.

52.     Plaintiff's Fourth Amendment claim for Malicious Prosecution is based on the grounds that: (1) the defendants initiated a criminal proceeding against him; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously *or for a purpose other than bringing the plaintiff to justice;* and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

53.     Defendants RAMIREZ, BUSHBY, and NOVELLO unlawfully arrested and took Plaintiff into custody. Defendants never had sufficient evidence that Plaintiff threaten to commit a crime which would result in death and great bodily injury to Defendant BUSHBY. When Defendant BUSHBY was contacted by the Office of the Contra Costa County District Attorney to ask if he was in sustained fear from these alleged threats, he responded jokingly, stating that he was "super scared" and including a GIF image of actor Macaulay Culkin gasping. Defendant BUSHBY's mocking of a required element of PC 422(a) belies his claim that he was in sustained fear and illustrates that Defendants never had probable cause to believe that Plaintiff had committed the charged offense.

54.     Defendants also never had sufficient evidence that Plaintiff unlawfully attempted by means of threats and violence to deter Defendant NOVELLO from performing his duty as an executive officer. Plaintiff questioned why the Defendant Officers were stopping him, but did

COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDED                    12

not threaten Defendant NOVELLO or act violently towards him. Plaintiff put his hands up while interacting with the officers in a gesture of compliance and non-violence, and did not step towards the officers or otherwise indicate his intention to attack them. Nevertheless, Defendants still charged Plaintiff with PC 69.

55.     Defendants conduct in initiating a criminal proceeding against Plaintiff was conscience-shocking.

**FIFTH CAUSE OF ACTION**
(*Monell* – **Municipal Liability for Unconstitutional Custom or Policy**)
(**42 U.S.C. § 1983**)
(**Plaintiff against Defendants ANTIOCH, BROOKS, and DOES 26-50**)

56.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-55 of this complaint.

57.      Plaintiff is informed and believes and thereon alleges that high-ranking ANTIOCH officials, including Chief BROOKS and DOES 26-50, and/or each of them, knew and/or reasonably should have known that their police officers, including Defendants RAMIREZ, BUSHBY, and NOVELLO, were either untrained or improperly trained in the use of force in the following areas:

a.   That officers may not use force, including less-lethal weapons, where the subject does not pose a threat to the officers and has not acted violently; nor may less-lethal weapons be used on a subject complying with officers' commands.

b.   That where reasonable opportunities for de-escalation of potentially threatening subjects exist, including the reasonable re-deployment and/or re-location of police officers and the use of effective communication that is not confrontational, escalating, or demanding, must be employed to defuse a potential threat in place of excessive force.

c.  That the failure of a subject, especially one who is known or appears to be suffering from a mental impairment, to comply with orders while not presenting an imminent threat of serious injury or harm, does not justify the use of lethal force.

d.  That the use of force must be proportional to the subject's conduct during an encounter.

58.  These policy, practice, and training failures were a substantial factor and moving force in the violation of Plaintiff' rights.

59.  Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants ANTIOCH, BROOKS, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Antioch Police Department officers.

60.  Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants RAMIREZ, BUSHBY, and NOVELLO and DOES 1-50, each of them, and the policy, practice and training deficiencies identified herein, Defendants BROOKS, DOES 26-50, and/or each of them, encouraged these Officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

61.  The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Antioch officials, including, Chief BROOKS, high-ranking City of Antioch Police Department supervisors, Defendants DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

62.   Said rights are substantive guarantees under the Fourth, Fifth, and/or Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. section 12132.

63.   This incident is only the latest to a collection and trend of excessive force incidents committed by officers of the Antioch Police Department who are not facing any punishment as a result of their dangerous and unjustifiable actions. They demonstrate a complete lack of proportionality between the purported crimes being investigated and the use of force employed by the officers investigating them. For example:

a.   On December 23rd, 2020, officers of the Antioch Police Department killed Mr. Angelo Quinto after responding to the call that he was experiencing a mental health crisis. The officers pulled Mr. Quinto from his mother's arms and traded off kneeling on his neck while Mr. Quinto lay face down on the floor and cried out, "Please don't kill me, please don't kill me." Tragically, Mr. Quinto went into a coma within minutes of the officers' arrival and died three days later.[1]

b.   In *C.R. v. City of Antioch*, 2018 U.S. Dist. LEXIS 106009 *1 (N.D. Cal. June 25, 2019), officers of the Antioch Police Department killed Mr. Rakeem Rucks via asphyxiation. The officers forced Mr. Rucks to the ground, using their weight to pin him while they were on top of him. The officers were taking Mr. Rucks into

_____

[1] https://www.motherjones.com/crime-justice/2021/02/please-dont-kill-me-angelo-quinto-pleaded-the-cops-kneeled-on-his-neck-for-four-minutes/.

COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDED                              15

custody because they suspected him of breaking the door of an apartment (without taking anything), though Mr. Rucks was the one who initially called 911.

c.   In *Baldwin v. Colley*, 2015 U.S. Dist. LEXIS 134946 *1 (N.D. Cal. Oct. 2, 2015), two Antioch Police Department officers pulled the sleeping Mr. Malad Baldwin from the passenger seat of his mother's car as it sat in her driveway with the engine off in response to a call of an unidentified black man carrying a bottle of alcohol and yelling at people. The officers slammed Mr. Baldwin into the vehicle and then face-first into the pavement, causing him to lose consciousness. When Mr. Baldwin regained consciousness, the officers were beating him with their fists and a metal flashlight, causing such pain that Mr. Baldwin again lost consciousness. Mr. Baldwin had been sleeping in the car while he waited for his mother and brother to come out from inside the house.

d.   In *Captain v. Antioch Police Dep't,* 2009 U.S. Dist. LEXIS 20871 (N.D. Cal. March 12, 2009), officers beat Mr. Wayne Kerry Captain following a pursuit for alleged drug-related criminal activity, though criminal charge were never filed. The officers caused Mr. Captain severe eye and facial injuries in addition to harm to his left ankle.

64.   As against Defendant ANTIOCH, Defendants RAMIREZ, BUSHBY, and NOVELLO, and/or DOES 1-50 in his/her/their capacity as police officer(s) for ANTIOCH, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the Antioch Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. Plaintiff further

alleges that these acts and/or omissions illustrate that officers of the Antioch Police Department are improperly trained in responding to health crises, particularly mental health crises.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### SIXTH CAUSE OF ACTION
**(Violation of Fourth and Fourteenth Amendment of the United States Constitution-Denial of Medical Care)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendants RAMIREZ, BUSHBY, and NOVELLO, and DOES 1-25)**

65. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-64 of this Complaint.

66. Defendants RAMIREZ, BUSHBY, and NOVELLO were deliberately indifferent to Plaintiff's seriously medical needs after they shot him with rubber bullets and allowed a K-9 unit to continuously bite Plaintiff's arm, as described herein. Said defendants thereby deprived Decedent of his Fourth Amendment right to medical care and Fourteenth Amendment substantive due process rights when he was in-custody after being shot.

67. Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm.

68. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### <u>JURY DEMAND</u>

69. Plaintiff hereby demands a jury trial in this action.

COMPLAINT FOR DAMAGES - JURY TRIAL DEMANDED                         17

1

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follow:

1.  For general damages in a sum according to proof;

2.  For special damages in a sum according to proof;

3.  For punitive damages in a sum according to proof as to the individual Defendants;

4.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.  For injunctive relief;

6.  For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.


Dated: May 13, 2021               **LAW OFFICES OF JOHN L. BURRIS**

                                  /s/*John L. Burris*
                                  John L. Burris
                                  Attorney for Plaintiff